Next case is Samart Chatterjee versus the Department of the Treasury, 0631-12. Mr. Kinnickstein, is it? Yes, it is. Please proceed. May it please the Court, my name is Noah Kinnickstein and I represent Samart Chatterjee in this appeal. And Mr. Chatterjee has brought this appeal from the final order of the Merit Systems Protection Board because the decision of the Board to dismiss for the lack of jurisdiction violated this Court's specific holding in Garcia versus Bureau of Homeland Security. As you know, right before we submitted our brief, this Court, en banc, came out with the Garcia decision which elucidated and clarified, I guess, or eliminated some of the confusion in regards to the standards that were necessary in determining jurisdiction and the procedures that had to take place thereafter for someone who brings a case of constructive demotion, as well as other issues in the procedure of the MSPB. In this specific case, the initial AJ's decision, which was affirmed by... I think we're familiar with the history, but we're all in agreement, are we not, that you had to meet, in this case, at least a non-frivolous test in order to get a hearing on jurisdiction, correct? Correct. And the conclusion was that you failed to meet the non-frivolous standard, correct? Correct. So why don't you direct your attention to why you think that was incorrect. What is it, in terms of what your client claimed happened to him, satisfies the test that's required here in order to show the constructive demotion? Well, I don't think, Judge Cross, I don't think the issue here is proof. I think it's allegations. All right, so what is, correct, what is your client... The allegations are listed in the brief that he was denied, that he was discriminated against, he was not given an office, he was not given a telephone, he was not given the same treatment as similarly situated white managers. In addition, there was a hostile working... Is this a discrimination case? Yes. Is this a discrimination based on, what, gender, ethnicity, race? Yes, it is. If you look at the decision of Judge Armstrong on page 27, footnote 7, of the original decision that was adopted throughout, as noted above the appellant alleged discrimination purportedly based on his status as an Asian American and a hostile work environment. There's no doubt that that's been considered by the judge underneath, that it was a discrimination claim as well as a hostile work environment claim. And this is very important because when Judge Armstrong and then Judge Bolden and then the MSPB two times analyzed this case, they saw it only as a hostile work environment case. And it's not. It's a discrimination case as well. And as the court said in Garcia... Sounds like a mixed case. It is a mixed case. Mixed cases don't come here. Well, it's a case that was determined by, as a discrimination case, whether there was an issue of adverse action that was proven, a voluntary or involuntary adverse action, and that's how we're here. Your answer to Judge Lurie is that even if it's a mixed case, jurisdictional issues still come here. The jurisdictional issue does come here, yes. Now is this question of whether they're non-frivolous allegations a question of law or a question of fact? I think it's an issue of law. It's a question of the standard under the law that someone has to...  Yes, de novo. And I think the issue here is it's actually not changed that much in the Garcia case. It's the standard, it's the procedure that would go forward. In this case, he's alleged over and over again the issue that he was discriminated against throughout. And the judge, instead of saying that he's made out a non-frivolous or a non-frivolous allegation, went to the merits of the case. That is not what Garcia says you should do. Garcia is very specific that once there's a non-frivolous allegation, once there is a, you know, based upon whether it could be proven, just basically I look at it and I think the court here has looked at it as well as a matter of a type of a motion to dismiss. If there's an allegation there that could be proven, then it has to go, according to Garcia, to the next step. Well, the question is whether the facts that were alleged here are sufficient to make out a case of involuntariness, right? Well, no. The question is whether the allegations could make that out. Not do they make it out. I think there's some distinction. I think the question under Garcia and under Spruill and under Spencer and under Cruz, frankly, is whether there is an allegation if proven could lead to him prevailing. And that's what I think we have here. We definitely have him making out a claim that if proven could lead to him to prevail. Whether he actually prevails or not, I think Garcia says, has to be dealt with at the next level. You know, the preservation of the hearing to prove it. Not at this stage. And I think that in Garcia, specifically it states that if we get into that mixture of merits, merits jurisdiction, that it should go to the hearing. And I think that's pretty consistent with the courts here. You don't weigh and measure and determine the factual issues at this stage. That's our complaint here. That's why this case needs to be reversed. Because you're not even following what this court said on Bonk and Garcia at that point. So for that reason, we feel that at least the court should be reversed because she, Judge Armstrong, did in fact weigh and determine by a preponderance of the evidence standard, which is exactly what was said and should not do in Garcia. She did exactly the same thing and the MSPB adopted that. And for that reason, it was wrong. In addition, there are several other issues that are raised here, which is that the judge ignored the totality of the circumstances test and did not consider, as I stated earlier, the fact that he did raise an issue of discrimination, that if proven, could lead. I mean, there are two qualifiers in that, and that is the standard in the law. If proven, could lead. And that's what's happened here. It's not that you make a determination on the facts that this individual, you know, can't win. The question is, has he made out an allegation that if he did win, could lead to him prevailing? Mr. Kennex, you might lower your voice. We're in awfully close quarters here. Sorry. So anyhow, in addition, Judge Armstrong and Judge Bolden and the others also clearly did not take the totality of the circumstances, the fact that he was denied an office that he raised the issue about, that he was denied the telephone, that he was denied these different things and focused solely on the issue of the hostile work environment. It seems to me that under that situation, that that was directly contrary to the court's admonitions in Garcia. The long history of this court in analyzing this super complex area of laws, as I analyze it, is that if there is any possibility, basically, that this individual could prevail or that this person made out allegations that could prevail, it's at that point, under Garcia, that the case then must go to a hearing at a point in which the preponderance of the evidence under the regulation has to be sustained in order to prevail. I think it's not appropriate for the court, I think it was wrong, actually, under even earlier law than Garcia, for the court to have made the determination that, well, he can't win in any case. That's not the job of the administrative law judge at that point. The only thing is to look and see if he's made out a cause of action based on a well-pleaded concept of the complaint, which I think continues on, even post-Garcia, frankly. And then the next thing is for him to prevail at the point that he goes to the hearing, the jurisdictional hearing, which was the debate in Garcia, and to see whether he can sustain his burden on both issues, jurisdiction and merits, at that point. If there are no other questions, I will sit down. All right. We understand your point. Ms. Conrad, you've had a busy week. Good morning. Yes, Your Honor. Good to see you again. May it please the court, the MSPB properly dismissed this case for lack of jurisdiction because Mr. Chatterjee failed to allege facts that, if proven, could establish that his reduction in grade was involuntary. Well, what do you have to establish? Isn't a non-frivolous allegation a question of allegations? Yes, it is a question of allegations. But what you have to show is, assuming all those allegations were true, that that would be sufficient to show involuntariness. And why didn't these suffice? Because looking at the totality of the circumstances, basically what Mr. Chatterjee alleged was a series of conflicts with his immediate supervisor. But in a lot of circumstances, it was actions that his supervisor was authorized to take, such as reevaluating the engineers under Mr. Chatterjee's command, and the territory manager was the supervising engineer for that unit, as well as the construction of the office. There was an office being constructed for the territory manager, which was why Mr. Chatterjee was temporarily without an office of his own. But we're looking at his allegations and whether, if proven, they would satisfy. That's correct. So the fact that there may be different evidence to explain it isn't really a relevant inquiry at this stage, is it? Well, under Spencer, this court held that you can look at the record in its entirety, both the agency's submissions and Mr. Chatterjee's submissions, in determining whether the allegations were non-frivolous or not. And one of the things that has to be established with involuntariness is that basically they were left with no other option than to take this action, and that what the agency was doing was improper. Now what about the discrimination allegations? Because it seems a lot of the focus is on the question of hospitality. Well, the discrimination allegations were not even considered by the board because she found that they did not have jurisdiction and it could only be a mixed case when they had jurisdiction over the involuntary demotion claim. That's not right, is it? I mean, in terms of considering the involuntariness, there's quite a difference between a case in which somebody is not given an office, just on the merits, and a situation in which somebody is not given an office as a result of racially discriminatory animus. That the first one might not cause somebody to resign his position, but the second one might. I mean, how can you ignore that in considering the question of voluntariness? Well, discrimination can only be considered if it's part of another thing that is part that the board has jurisdiction over, but she did look at all of this. I don't understand that to be the law. I don't understand that in considering whether something's involuntary, you can't consider a discrimination issue. I mean, you can't consider the discrimination claim unless the board has jurisdiction, but that doesn't mean that all facts pertinent to it can't be considered in terms of involuntariness. I mean, are you really suggesting to me that if somebody is harassed on racial grounds that that can't be considered in connection with the voluntariness issue? No, Your Honor, but I think if you look at her thorough 20-page decision, she does look at all of his allegations that he raises, and he did not raise any kind of racial discrimination. His claims were that he didn't receive an office and that his supervisor was unfairly harsh. But you just told me that she refused to consider the discrimination allegations. I mean, if all these things happen to somebody just on the merits, they seem to be the sort of ordinary vicissitudes of the workplace. If these things happened because this person was an Asian American and they were trying to discriminate against him, it's quite another thing in terms of whether his resignation was voluntary. Don't you agree? Isn't that, though, part of a discrimination claim which the board alone does not have jurisdiction over? I don't see how you can take that position. I don't see how you can scrub out the discrimination aspects of this in determining whether it's voluntary or involuntary. Can I just get clarification on what the discrimination allegations were? For example, is it clear that he was arguing not just this should be remedied because all of this was happening to me because I was a minority or whatever the category is, versus was he actually alleging that the reason this was involuntary, the reason that I was forced to relocate and take this other position, is because they were creating a hostile work environment and they were discriminating against me? Was that actually the allegation? I don't believe so, Your Honor. I believe that he alleges that he was forced to resign because of these circumstances, that he had no office, that he had these conflicts with his supervisor, and that there was this relationship with his secretary between his supervisor. It's pretty unclear from the record what he was actually trying to allege discrimination-wise, that he felt perhaps that this was happening only to him because of his racial status. Your position basically is that the fact that he was not given an office or a telephone and that he didn't have a good working relationship with his boss don't collectively amount to a hostile work environment. That's correct, Your Honor. And I think that's well settled in case law. And I think you have to look at all, even if all these are true, basically as the administrative judge correctly found, all they show is a series of managerial conflicts with his supervisor. And the written evidence that Mr. Chatterjee submitted all show just that. They don't even show necessarily a bad relationship with his supervisor, just that they had differences in opinions in how to manage their subordinates. Do you agree that if somebody said to him, we're not giving you an office because you're an Asian, that that would be pertinent as to whether his resignation was voluntary? Yes. And that a series of events like that, which— But there were no allegations of such. Okay, that's the question. I was troubled by your suggestion that this was irrelevant, but you're saying there are no such allegations. That's correct. There are no such allegations that the agency said anything like that. And another important— Or the allegation that—the other question would be, I think, in Judge Dyke's hypothetical as to whether or not that he is alleging that because of that conduct, I felt required or forced to move elsewhere. Right. And that's not there. No, I did not see that in the record either. I think the other thing that's important to note is that when he went to his supervising manager and told him of his— that he was going to ask for a reduction in grade, they actually asked him to reconsider and take time to think about that decision. And he responded pretty quickly after that to know his mind was made up, his decision was final. The second-line supervisor also noted that for the first time, a lot of these claims were being brought to his attention, and he never had an opportunity to remedy that. If there's no further questions, we'll ask the court to disconnect. All right. Thank you, Ms. Conrad. Mr. Kinnickstein has a little time. So were there allegations that these things were— these actions were taken in a racially discriminatory manner? Well, yes, I think there are. Where do we find that? Well, you find it in the judge's determination on page 26 as well in footnote 6. I just wanted to raise this point where she stated the— I think it's the second sentence. Although the appellant alleged discrimination based on his status as an Asian American in his appeal, then she says he did not provide any evidence of this type of discriminatory conduct. So she's considering it as well. She says that there's no evidence, which goes to the Garcia standard. She's not there to make the determination solely on an evidentiary basis. Yeah, but the allegations have to be supported by evidence. Where do we have allegations supported by evidence here that this conduct was discriminatory? Well, he states throughout—let me see if I can find it here— that he was denied an office that others, everybody else had. He was denied the standard telephone. Yeah, but where does it say that it was because he was an Asian? You mean specifically say that? Yeah. Well, I think that you have to go through. I mean, he's writing it on his own, and he's saying that he was not being treated similarly in the same. As what? As other people? As other managers. Well, that's not an allegation of discrimination based on race. Well, I think that if there is an allegation, I'm not being treated in the same manner as everybody else. And, in fact, the manager before me had an office, and it was taken away. And I was denied a secretary that I needed to do my work. And I was not treated in a fair manner and similarly all along as everybody else. I think that raises issues of discrimination. So is the answer that he didn't say in here that it was because of race? Well, show me where he said it. Well, first of all, I think the judge made the determination, so I think it's a matter of the case at this point. She made the determination that he made the allegations. That's what she said. And I'm saying that if she's saying that he's made the allegations, then the issue is that he's given notice of discrimination. She said it twice. Well, I find what she said to be unclear in this respect. But where does he say it? He says it in his page 131. He starts talking about, he goes through a long statement about how he was being treated differently than others. You know, he was given a cubicle. The office was taken away from him on page 132. He was not given a telephone ticket to deal confidentially with people that were calling in. He was saying that that was standard procedure. Where does he say it's because of race? I think that he's, I'm not sure if it's in here or in some other place, but it's in here. I mean, if you want, I'll outline it for you.  That's the purpose of a brief and oral argument. Well, I'm just bringing it up now. I mean, I think that even without that, the issue of, frankly, the issue of a hostile work environment alone, I think that he's made out the allegations under the standard of Garcia. And I think at that point, he has the opportunity to go to the hearing. And at that point, he makes out the, he has to prove under the preponderance of the evidence. It's not the judge to make the demand at that point, just like this court rejected it in Garcia. It's not the role of the judge to be weighing evidence at this point and saying, well, evidence wasn't presented and things of that sort. That's not the role of the ALJ at that point. The role of the ALJ at that point is to see if they're non-frivolous allegations. If they're non-frivolous allegations, we go forward to the hearing, in which perhaps he loses there. I don't know. Perhaps he can't sustain the burden of proof. But the first level, the first tier is dealt with and exhausted at that point. If there's nothing else, any other questions? Thank you, Mr. Kinnickstein. The case will be taken under review.